FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 12 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEWAYNE BIVENS,

                Plaintiff,

     -against-

NASSAU COUNTY POLICE
DEPARTMENT, et al.,

                Defendants.
-----------------------------------------------------------X

ORDER
14-CV-4555 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

      Before the Court is a *sua sponte* Report and Recommendation from Magistrate Judge Anne Y. Shields (the "R&R," Dkt. No. 39), recommending that the Court dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). A copy of the R&R was served on *pro se* plaintiff Dewayne Bivens ("plaintiff") on July 13, 2018. (Dkt. No. 40.) The R&R instructed that any objections be submitted within fourteen (14) days of receipt of the R&R. (R&R 6.) The deadline for submitting objections has since expired, and no party has objected to the R&R.

      Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(C) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections).

However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. For the reasons that follow, the Court adopts the thorough and well-reasoned R&R in its entirety.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630-31); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court

directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Peart v. City of New York*, 992 F.2d 458, 461(2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013

WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *see also Thornton*, 2014 WL 2805236, at *2.

Here, plaintiff has failed to comply with multiple Court Orders, and he has not otherwise communicated with the Court since September 29, 2017. The Court notes that it appears that plaintiff is no longer located at his address of record. (*See* Dkt. No. 34 (returning Court's November 14, 2017 Order because plaintiff is "no longer at this address").) However, as discussed above, it is plaintiff's responsibility to keep the Court apprised of any change of address, and plaintiff's failure to do so is basis for dismissal under Rule 41(b). In addition, as set forth in the R&R, the Court, as a courtesy, resent plaintiff its November 14, 2017 Order, along with change of address forms, at the return address listed on plaintiff's last correspondence to the Court, and defense counsel has also served plaintiff at this address. (*See* Dkt. Nos. 35, 36, 37, 38, 40.) The Court has also warned plaintiff that failure to update his address or communicate with the Court and defense counsel may result in dismissal of this case. (*See* Dkt. No. 35; Dec. 28, 2018 Elec. Scheduling Order.) Moreover, the R&R correctly addressed the other factors warranting dismissal with prejudice.

Accordingly, having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the R&R in its entirety. The Court dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall enter judgment accordingly and close this case. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Joseph Bianco*

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2018
Central Islip, New York